J-S76025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GAYLEN DARTANYON THOMAS | |
| Appellant | No. 981 WDA 2014 |

Appeal from the Judgment of Sentence May 8, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0011114-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                  **FILED FEBRUARY 18, 2015**

Appellant, Gaylen Dartanyon Thomas, appeals from the judgment of sentence entered on May 8, 2014, by the Honorable Anthony M. Mariani, Court of Common Pleas of Allegheny County.   After careful review, we affirm.

As we write primarily for the parties, we will set forth only so much of the procedural and factual history of the appeal as is necessary to this memorandum.  Officer Seth Masley pulled Thomas's vehicle over because he could not see a visible license plate.  After receiving Thomas's Ohio license, Officer Masley discovered that Thomas's Pennsylvania driver's license had been suspended.  While discussing this circumstance with Thomas, Officer Masley detected an odor of alcohol, and further, that Thomas was slurring his speech.

Thomas admitted to having one beer earlier in the evening, so Officer Masley proceeded to administer a field sobriety test on Thomas. Thomas performed poorly on five tests, including the finger-to-thumb test and the finger-to-nose test. At this point, Officer Masley placed Thomas under arrest and read the DL-26 form to Thomas. Thomas did not consent to blood testing, but rather insisted that he speak to his attorney before consenting to anything.

After a bench trial, the trial court convicted Thomas of one count of driving under the influence, general impairment, one count of driving under the influence, refusal of blood test, and one count of driving while operating privileges are suspended. Thomas filed post-sentence motions, which were denied by the trial court, and this timely appeal followed.

On appeal, Thomas challenges the sufficiency and weight of the evidence supporting his conviction for driving under the influence, general impairment. We review a challenge to the sufficiency of the evidence as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The

Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Conversely, a challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014) (citation omitted). Our standard when reviewing a weight of the evidence claim is well settled.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " It has often been stated that "a new trial should

be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Id*. at 1015-1016 (citation omitted).

As noted, Thomas is challenging his conviction for driving under the influence, general impairment, which is defined as follows.

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802.

After reviewing the testimony of Officer Masley, we conclude that it was more than sufficient to sustain Thomas's conviction for DUI-general impairment. Officer Masley testified that while talking to Thomas, he detected "an odor of alcoholic beverage emanating from within the vehicle." N.T., Trial, 4/10/14, at 11. Thomas was slurring, and "having a great deal of difficulty annunciating sounds and syllable" while saying the alphabet. *Id*. Furthermore, Thomas was unable to maintain his balance on one leg for more than four seconds. *See id*., at 15. On the finger-to-nose test, Thomas failed to close his eyes, or tilt his head back as Officer Masley instructed him to do. *See id*., at 16. He also swayed on his feet while performing the test. *See id*. During the walk and turn test, Thomas was unable to touch his heel to the other foot's toe on any step. *See id*., at 17. He could not maintain a straight line as he walked, and had to use his arms to maintain his balance. *See id*.

Thomas argues that this evidence can be construed in a manner that supports Thomas's position at trial that he was merely tired. While this may

be technically true, it does not alter the fact that the evidence also reasonably supports the inference that Thomas was intoxicated while driving. Under our standard of review, we must draw all reasonable inferences in favor of the prosecution. As such, we find that Thomas's challenge to the sufficiency of the evidence merits no relief on appeal.

Turning to Thomas's challenge to the weight of the evidence supporting his conviction, we note that the trial court provides the following reasoning supporting its decision.

> Essentially, the defendant challenges this court's assessment that he was under the influence of alcohol to such a degree that he was incapable of safe driving at the time his vehicle was stopped. As set forth above, the defendant's speech was slurred. His eyes were glassy and bloodshot. He failed multiple field sobriety tests and he refused to submit to chemical testing. This evidence supports the verdict. This court has reviewed the trial record and believes that the verdict does not shock any rational sense of justice and, therefore, the verdict was not against the weight of the evidence.

Trial Court Opinion, 9/2/14, at 9. After independently reviewing the record, we can discern no abuse of discretion in the trial court's reasoning. We therefore conclude that Thomas's second issue on appeal merits no relief.

As we conclude that neither of Thomas's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/18/2015